CLYDE STONE V. THE STATE.

No. 16836.  Delivered June 13, 1934.

The opinion states the case.

*Seale & Thompson,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—It was charged against appellant that as owner he operated a commercial motor vehicle on Highway No. 35 and that said vehicle carried a load in excess of 7000 pounds. Upon conviction appellant was assessed a fine of $10.00.

A jury was waived, and appellant was tried before the County Judge of Nacogdoches County upon an agreed statement of facts which is brought forward. The law which appellant is claimed to have transgressed is Sec. 5, Chap. 282,

Acts 42nd Legislature, (Vernon's Ann. Texas P. C., Art. 827a, Sec. 5). The law will be found copied in the opinion in Holyfield v. State, 63 S. W. (2d) 386, and it is not thought necessary to again set it out here.

We have not been favored with a brief from appellant, hence are not advised of his exact contention. The statement of facts shows that appellant was hauling saw logs from the point of origin along Highway No. 35 to his saw mill in Nacogdoches. It appears to have been the State's contention that the station of Appleby on the H. E. and W. T. Railroad was a practicable common carrier receiving point, and nearer to the point of origin than the destination point, and therefore the exemption of the overload found in Sec. 5 (b) Acts 41st Leg. (1929) 2nd C. S., chap. 42, as amended by Acts 42nd Leg. (1931) Chap. 282, Sec. 7, (Vernon's Ann. Texas P. C., Art. 827a (Sec. 5 (b) had no application under the facts of the present case. It was apparently appellant's contention that because it would cost more to haul from the point of origin to Appleby, there unload, reload and ship by rail to point of destination than to haul directly from origin to destination he was not amenable to the law forbidding the overloading of his motor vehicle.

As we understand the facts the case of Holyfield (supra) is directly in point, and sustains the present conviction.

The judgment is affirmed.

*Affirmed.*