### CLAUDE MORRISON v. THE STATE.

No. 19065. Delivered June 16, 1937.
Rehearing Denied October 20, 1937.

The opinion states the case.

*Jack M. Moore and John H. Benckenstein,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for driving a truck upon a highway with a load in excess of seven thousand pounds in weight; punishment, a fine of $25.00.

Sec. 5, Art. 827a, Penal Code of Texas, forbids that any commercial motor vehicle truck-tractor, trailer, etc., shall be operated on any public highway outside the limits of an incorporated city or town with a load exceeding 7000 pounds in weight thereon. In the agreed statement of facts in this case it is admitted that appellant operated a truck-tractor and semi-trailer on such highway outside of any incorporated city or town, having thereon at the time of his arrest a net load of 12000 pounds. It is further set out in said statement of facts that appellant is and was at the time of said violation an employee of a transportation company, which is a common carrier operating in inter-state commerce throughout the States of Louisiana and Texas by authority of the Railroad Commission of Texas; the Louisiana Public Safety Commission, "And has filed an application as interstate carrier under the Grandfather Clause of the Federal Motor Carrier Act of 1935." It is further set out in the statement of facts that when arrested appellant was operating a commercial motor vehicle over a designated route on Texas State Highway No. 3 and U. S. Highway No. 90, which route is designated in his State permits and Federal application; and that he was engaged in interstate commerce at said time, and that State Highway No. 3 and U. S. Highway No. 90 was a concrete highway of standard construction, and the bridges along same are all standard concrete bridges.

As we understand it, the first Federal act regulating motor carriers was enacted by the Federal Congress in 1935. See U. S. C. A. 49, Secs. 302-327. The Federal act referred to became effective October 1, 1935. The act of appellant herein complained of was of date March 5, 1937. While it appears from the agreed statement of facts that appellant or his employer had filed an application as interstate carrier "Under the Grandfather Clause of the Federal Motor Carrier Act of 1935," to use the language of the statement of facts, it does not appear in this record when such application was filed, nor what had been done with same, nor that any certificate of public conveni-

ence and necessity had been issued to him or his employer, nor that he had any legal right to claim any protection thereunder for any act of his amounting, under the laws of Texas, to injury to her highways and a violation of her laws.

We have examined as carefuly as we could the different provisions of said Federal Act referred to, and have found nowhere any provision, or the grant to the Commission of any power, to authorize common carriers on the highways of Texas to violate the laws of this State which were enacted, in the view of the Legislature, to protect such highways and preserve them for the use of the citizens of this State.

In the case of Holyfield v. State, 124 Texas Crim. Rep., 422, we quoted from Sproles v. Binford, 286 U. S., 374, 76 L. Ed., 1167, as follows:

"The State provides its highways and pays for their upkeep. Its people make railroad transportation possible by the payment of transportation charges. It cannot be said that the State is powerless to protect its highways from being subjected to excessive burdens when other means of transportation are available."

In Stone v. State, 126 Texas Crim. Rep., 491, the accused was convicted for driving a truck on one of the highways of this State having on same a load in excess of 7000 pounds in weight, and the judgment was affirmed by this court.

To us it would seem incredible that the terms of any certificate of convenience and necessity, issued by the Honorable Commission, would contravene the rights and power of the people of this State to make illegal an act which their Legislature has concluded to be harmful to the public highways of this State, and has been by said Legislature made penal. Nothing in this record suggests that any such certificate had been issued, or that appellant was not guilty of the violation charged.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant now urges that his only contention in this case was and is that the law under which he was convicted is unconstitutional, because it puts an unnecessary and unfair burden upon interstate commerce, in that intrastate carriers of freight can legally transport loads of 14000 pounds weight upon their

trucks while he is, by our construction of the statute, limited to transporting a load of 7000 pounds. We confess that we did not gather this to be appellant's contention from either his brief or the record, when the case was originally considered.

We content ourselves with saying that there is nothing in Sec. 5b of Art. 827a of our Penal Code which allows intrastate carriers of freight to carry ad libitum on our highways loads of 14000 pounds weight. It is clear from the language used in said statute that such load may only be carried from the pick-up point over the highway to the nearest practicable common carrier receiving or loading point, and may not pass a delivery or receiving point of a common carrier equipped to transport such load. The language of said article is such as that no carrier of freight could misunderstand same. It imposes no unfair or discriminatory burden upon appellant. The statute is not unconstitutional.

The motion for rehearing is overruled.

*Overruled.*